UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     BRIDGET ALLEN | ) | Case No. 10-20094-SSM |
| | ) | Chapter 13 |
|                Debtor | ) | |
| | ) | |
| BRIDGET ALLEN | ) | |
| | ) | |
|                Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 11-1059 |
| | ) | |
| PARK PLACE CONDOMINIUM | ) | |
| ASSOCIATION | ) | |
| | ) | |
|                Defendant | ) | |

**MEMORANDUM OPINION**

Before the court is the motion of the defendant, Park Place Condominium Association ("the Association"), to dismiss the plaintiff's complaint to determine the validity of a judgment lien against her condominium unit for failure to state a claim for relief. At a hearing held on April 12, 2011, the court determined that the motion should be treated as a summary judgment motion, and allowed the parties two weeks to submit any additional affidavits or authenticated documents, and a week following that to submit any supplemental briefs.[1] The defendant filed an affidavit, and both parties have filed supplemental pleadings.[2] For the reasons stated, the

---

[1] The court also required the defendant to file an answer, which it has now done.

[2] The plaintiff filed what she styled a Request for Clarification and Reconsideration, which the
(continued...)

1

motion to dismiss the complaint will be granted.

## Background

The plaintiff, Bridget Allen, filed a petition in this court on December 1, 2010, for adjustment of her debts under chapter 13 of the Bankruptcy Code. A plan has not yet been confirmed. She had previously filed a chapter 13 case (Case No. 05-15877-SSM) in this court on November 28, 2005. In that case, a plan was confirmed and successfully completed, and the debtor received a discharge on February 2, 2011. During that case, the Association brought an injunction action against her in state court to obtain access to her unit in order to repair a water leak. The state court granted a preliminary injunction and ultimately set a further hearing at which it held her in contempt for failure to comply with the preliminary injunction and awarded the Association a money judgment against her in the amount of $7,701. She promptly filed an adversary proceeding in this court against the Association and its attorney for violation of the automatic stay. On motion of the defendants, the court dismissed all of the counts relating to the bringing of the state court action because it arose from a post-petition, not prepetition claim, and the property (the debtor's condominium unit) to which the judgment lien attached had revested in the debtor at confirmation.

In the interim, the debtor filed in her new case the present adversary proceeding, which seeks a determination that the judgment is void because it was obtained in violation of her due process rights.

---

²(...continued)
court, by order of May 3, 2011, denied without prejudice to consideration of the underlying arguments in connection with the motion to dismiss. Both the plaintiff and the defendant have filed supplemental memoranda.

<u>Discussion</u>

I.

A complaint may be dismissed at the outset of the litigation if it fails to state a claim upon which relief can be granted. Fed.R.Bankr.P. 7012(b); Fed.R.Civ.P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) will be granted "if the allegations [of the complaint], taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920, 166 L. Ed. 2d 798, 812 (2007). In passing on a motion to dismiss, "the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90, 96 (1974). At the same time, the plaintiff must provide grounds for entitlement to relief, which requires more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Specifically, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim for relief that is "plausible" on its face. *Ashcroft v. Iqbal*, 556 U.S. —, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009). Although a complaint is not required to rebut potential affirmative defenses, where the complaint itself sets forth facts that would support such a defense, a court may consider them in determining whether a meritorious claim has been presented. As the Supreme Court has explained:

> Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract. *See Leveto v. Lapina*, 258 F.3d 156, 161 (CA3 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face" (internal quotation marks omitted)). *See also Lopez-Gonzalez v. Comerio*, 404 F.3d 548, 551 (CA1 2005) (dismissing a complaint barred by the statute of limitations under Rule 12(b)(6)); *Pani v. Empire Blue Cross Blue*

> *Shield*, 152 F.3d 67, 74-75 (CA2 1998) (dismissing a complaint barred by official immunity under Rule 12(b)(6)).

*Jones v. Bock*, 549 U.S. at 215, 127 S. Ct. at 921, 166 L. Ed. 2d at 813.  Additionally, if matters outside the complaint are presented to and not excluded by the court, the motion effectively becomes, and must be treated as, a motion for summary judgment.  Fed.R.Civ.P. 12(d).  Summary judgment in turn is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Bankr.P. 7056; Fed.R.Civ.P. 56(a).  In ruling on motion for summary judgment, a court should believe the evidence of the non-moving party, and all justifiable inferences must be drawn in that party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986).  At the same time, only disputes over facts that might affect the outcome of the suit under the governing law will preclude the entry of summary judgment.  *Id.* at 248, 106 S. Ct. at 2510.  "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555, 91 L. Ed. 2d 265 (1986).

In her post-hearing submission, the debtor complains that converting the motion to dismiss into a summary judgement motion violated her due process rights because, she asserts, she was entitled to the filing of an answer prior to any consideration of the defendant's affirmative defenses.  Since an answer has now been filed, that issue is effectively moot, but in any event the notion that an answer must be filed before the court can consider the defendant's res judicata defense finds no support in the text of Rule 12 or the case law.  As noted above, the Supreme Court has clearly stated that an affirmative defense may be considered on a motion to

dismiss if the facts supporting that defense appear on the face of the complaint. *Jones v. Bock*, 549 U.S. at 215, 127 S. Ct. at 921, 166 L. Ed. 2d at 813.  Accordingly, the court proceeds to a consideration of the motion.

II.

The motion to dismiss relies on the affirmative defense of *res judicata*, namely that both the debtor's liability to the Association and her assertion that the conduct of the proceedings violated her 5th and 14th Amendment rights have been previously adjudicated by the state court. Of course, merely because a claim has previously been reduced to judgment does not necessarily insulate it from challenge in bankruptcy.  A bankruptcy court has the general powers of a court of equity when passing on objections to claims.  *Heiser v. Woodruff*, 327 U.S. 726, 732, 66 S. Ct. 853, 856, 90 L. Ed. 970, 976 (1946).  In particular, the Supreme Court has held that a proof of claim based on a judgment

> may be assailed in the bankruptcy court on the ground that the purported judgment is not a judgment because of want of jurisdiction of the court which rendered it over the persons of the parties or the subject matter of the suit, or because it was procured by fraud of a party.

*Id.* at 736, 66 S. Ct. at 858, 90 L. Ed. at 978.  However, the Supreme Court has also cautioned:

> But it is quite another matter to say that the bankruptcy court may reexamine the issues determined by the judgment itself.  It has, from an early date, been held to the contrary.

*Id.*  It is against this backdrop that the court examines the allegations of the complaint (which properly includes the contents of any attached exhibits).[3]

---

[3] It was out of an abundance of caution that the court elected to treat the motion as one for summary judgment, since two of the exhibits attached to the complaint were the plaintiff's and another person's affidavits as to what happened at the state court trial.  That caution was probably
(continued...)

5

Much of the complaint is directed to the history, going back approximately five years, of the debtor's contentious relationship with the Association, which includes complaints by her of racial and sexual discrimination by the management company and the condominium board to the Alexandria Office of Human Rights, Virginia Housing Authority, U.S. Department of Housing and Urban Development, and U.S. Department of Justice, none of which, she says, have investigated her complaints. With respect to the judgment that is the subject of the complaint, the pertinent allegations are as follows:

> ● In April 2009, the Association's representatives demanded entry to the debtor's apartment for the purpose of repairing a leak–which had existed for several months–emanating from a pipe behind a wall in the debtor's unit.
>
> ● The debtor refused to provide management with a key to the apartment because she feared for her safety.
>
> ● On April 27, 2009, the Association filed a complaint in the Circuit Court for the City of Alexandria for an injunction requiring the debtor to provide the Association with a key to her unit.
>
> ● With the complaint, the Association filed a notice for a hearing to be held the next day, April 28, 2009, on a motion for an order granting temporary, preliminary, and permanent injunctive relief and attorney's fees.
>
> ● Although a summons was issued by the clerk of court, only the complaint and notice of hearing were posted on the debtor's door by the process server.
>
> ● At the hearing the next day, the debtor was not present, and Judge Nolan B. Dawkins entered an injunction (a) requiring the debtor to provide a key to the Association for immediate access to her unit to take whatever actions were necessary to stop the water from leaking though the common areas and other

---

[3](...continued)
unnecessary, since exhibits attached to a complaint may be treated as part of the complaint for the purpose of ruling on a motion to dismiss for failure to state a claim for relief. *Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). In any event, the affidavit filed by the defendant with respect to the state court trial proceedings is essentially consistent with the plaintiff's own affidavit.

units; (b) allowing the Association to use a locksmith or take other action necessary to immediately gain access to the debtor's unit but requiring the Association to use its best efforts to coordinate access by phoning and emailing the defendant prior to using a locksmith; and (c) deferring decision on any award of costs to "a later date when access is obtained and inspection and/or repairs are completed[.]"

● On July 20, 2009, the state court issued a routine notice setting a status conference for August 10, 2009, "for the purpose of setting a trial date and entering a pretrial order." A copy of the notice was provided only to counsel for the Association and not to the debtor.

● On September 21, 2009, the state court issued a second notice, this time setting a status conference for October 13, 2009. Again, a copy was mailed only to the plaintiff's attorney and not to the debtor.

● The debtor was not present at the pretrial conference. An order was entered at the conference setting a trial date of January 22, 2010. A copy of that order was not mailed to the debtor.

● On December 31, 2009, the debtor received a letter from the attorney representing the Association offering not to go forward with the trial if she provided a key as required by Judge Dawkins' order and stating that a trial had been set for January 22, 2010.

● On January 5, 2010, the debtor visited the state court clerk's office and reviewed the file, seeing for the first time the summons, the two status conference notices, and the pretrial order.

● The next day, January 6, 2010, she wrote to the chief judge, Donald M. Haddock, of the state court asking a number of questions and complaining that holding the original hearing on less than 24 hours notice and failing to provide her with copies of the status conference notices and pretrial order violated her 5th and 14th Amendment rights.

● On January 12, 2010, Judge Haddock replied that he was unable to act as her attorney or answer her questions. The letter strongly urged that she retain counsel as quickly as possible, and stated: "It is my understanding that both you and plaintiff's counsel are aware of the January 22 hearing date. Hopefully on that date this matter can be resolved."

● On January 13, 2010, the debtor was served by the sheriff with a "Rule/Notice to Show Cause" returnable to the January 22, 2010 trial date.

7

● The debtor was present and testified at the trial on January 22, 2010, at which Judge Dawkins presided. The debtor specifically raised an objection to the trial going forward because she had never been served with a summons, only with the complaint and notice of hearing, a fact that was verified by a photograph that had been taken showing the papers posted on the door to her apartment. When she invoked her rights under the 5th and 14th Amendments, Judge Dawkins told her, "The Constitution is not the issue. . . ."

● Judge Dawkins, after receiving evidence, found the debtor in contempt for failure to comply with the April 28, 2009, order, and awarded the Association a permanent injunction requiring her to provide the Association with a key for access to her unit within 10 days; granting the Association a money judgment against the debtor in the amount of $161.00 for the cost of hiring a locksmith in April 2009 to gain entry to her unit; and granting the Association a money judgment in the amount of $7,540.00 as reasonable attorneys' fees and costs.

● A judgment order—which the debtor refused to endorse—reflecting the state court's ruling was entered on March 10, 2010.

For the purpose of the present ruling, the court must of course assume the truth of the debtor's allegation that she was served only with the complaint and notice of hearing and not with a summons. And the court must further assume (which does not appear in any event to be disputed) that the state court did not mail her copies of the status hearing notices or of the pretrial order. The narrow issue is whether those irregularities render the March 10, 2010, judgment, or the earlier April 28, 2009, injunction on which it is based, void for lack of personal jurisdiction or so far departing from the normal course of judicial proceedings as to constitute a violation of due process under the 5th and 14th Amendments to the United States Constitution.

The debtor has cited the court to no reported decision applying Virginia law that service of a complaint without a summons (even if irregular) is insufficient to confer personal jurisdiction over a defendant in a civil case. Certainly, there is reason to believe that Virginia courts would hold such a defect non-jurisdictional. Virginia law defines "process" as including "notice." Va. Code Ann. § 8.01-285(1). Additionally, a curative statute provides that process

which has "reached" the person to whom it was directed "shall be sufficient although neither served nor accepted" in the manner prescribed by statute. Va. Code. Ann. 8.01-288. In this case, the debtor was served with both the complaint and a notice of hearing.[4] And, as a result of reviewing the case file, she received a copy of the summons 17 days prior to the trial and had actual knowledge of the trial date, at which she in fact appeared, argued, and testified. Thus, this court would be inclined to hold that the Alexandria Circuit Court had personal jurisdiction over the debtor and that the failure to serve her with the summons and to mail her copies of the status conference notices and pretrial order, while irregular, did not deprive her of notice and an opportunity to be heard, which is the bedrock of due process under the 5th and 14th Amendments.

But the court need not conduct an independent analysis of those issues because the complaint (including the debtor's affidavit) shows on its face that the debtor's legal and factual arguments were presented to, and rejected by, the state court. The Supreme Court addressed this precise point in *Heiser v. Woodruff*. There, the trustee had challenged a claim based on a state court judgment on the ground that it had been procured by fraud. *Heiser v. Woodruff*, 327 U.S. 726, 66 S. Ct. 853, 90 L. Ed. 970 (1946). That argument, however, had been previously presented to, and rejected by, the state court, and the Supreme Court held that it could not be

---

[4] The debtor suggests that service even of the complaint and notice of hearing was defective because of failure to comply with § 8.01-296, Code of Virginia, which permits service by posting on the front door of the defendant's residence if no one is at home to accept service but requires that a copy be mailed to the defendant at least 10 days before a *default* judgment may be entered. Here, however, judgment was not entered by default but after a trial at which the debtor was present. Additionally, the statute does not specify a minimum period of notice before a court may grant a temporary or preliminary injunction (which, because they are intended to prevent immediate harm until the issues can be more fully addressed, are often granted on abbreviated notice).

further litigated in the bankruptcy court. *Id.*

As the Association correctly notes, Judge Mayer of this court addressed a very similar situation in the case of *In re Ava Maureen Sawyer,* No. 07-13021-RGM, 2008 WL 2465122, 2008 Bankr. LEXIS 2065 (Bankr. E.D. Va. Oct. 6, 2008), *aff'd Sawyer v. Worcester*, 2009 WL 2434435, 2009 U.S. Dist. LEXIS 68108 (E.D. Va. Aug. 4, 2009), *aff'd In re Sawyer*, 404 Fed. Appx. 748 (4th Cir. 2010). There, the defendant challenged a state court judgment against her in favor of a co-defendant on the ground that the co-defendant had not filed a cross-bill against her, and that a court had no jurisdiction to enter a judgment in the absence of proper pleadings. *Id.* Judge Mayer noted that under 28 U.S.C. § 1738, a federal court must give full faith and credit to the judicial proceedings of a state and must accord the same preclusive effect to a state court judgment as it would have under state law. *Id.* at *2, 2008 Bankr. LEXIS 2065, at *9. He further observed that "the Supreme Court of Virginia has applied res judicata to jurisdictional claims. That is, if a party has previously litigated the question of jurisdiction, he is barred from relitigating the issue of jurisdiction in a subsequent proceeding." *Id.* at *4, 2008 Bankr. LEXIS 2065, at *12. It is true that in *Sawyer* the prior unsuccessful challenge to the validity of the judgment had been raised subsequent to the judgment (by a motion to quash debtor interrogatories and a motion to vacate the judgment), but the timing of the challenge would not appear to matter so long as it was presented to, and considered by, the state court. Of course, the debtor here could have appealed the state court judgment and raised the very claims she seeks to assert here; but in the absence of an appeal, the judgment is final and must be accorded

preclusive effect.[5]  That bar cannot be avoided merely by asserting that the state court wrongly decided, or did not give proper consideration to, the debtor's jurisdictional and due process arguments.

Accordingly, the court concludes that the defendant's motion to dismiss the complaint for failure to state a claim for relief is well-taken and must be granted.  A separate order will be entered consistent with this opinion.

Date: _____          _____
                                        Stephen S. Mitchell
Alexandria, Virginia                    United States Bankruptcy Judge

---

[5] There is, to be sure, an exception to the preclusive effect of a final judgment.  A Virginia statute explicitly preserves the inherent right of a court of equity to entertain an independent action "to relieve a party from any judgment or proceeding, or to grant relief to a defendant not served with process . . . , or to set aside a judgment or decree for fraud upon the court."  Va. Code Ann. § 8.01-428(D).  The Virginia Supreme Court has held, however, that the statute "must be given a narrow construction because 'judicial proceedings must have a certainty of result, and a high degree of finality must attach to judgments.'"  *Charles v. Precision Tune, Inc.*, 243 Va. 313, 317, 414 S.E.2d 831, 833 (1992).  The elements that must be established in an independent action to set aside a judgement are:
> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Id.* at 317-18, 414 S.E.2d at 833.  Since a federal court need accord a state court judgment no more finality than exists under state law, even a final judgment may be collaterally attacked under the limited circumstances allowed by *Precision Tune*.  The complaint before the court, however, falls far short of alleging facts sufficient to show a plausible entitlement to relief in an independent action to set aside a judgment.

Copies to:

Bridget Allen
2500 N. Van Dorn St., #621
Alexandria, VA 22302
Plaintiff pro se

Christopher Jones, Esquire
Whiteford Taylor & Preston, LLP
3190 Fairview Park Drive, Suite 300
Falls Church, VA 22042
Counsel for the defendant